Matter of Aflalo (2024 NY Slip Op 04736)

Matter of Aflalo

2024 NY Slip Op 04736

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 3950/19 Appeal No. 2648 Case No. 2023-03937 

[*1]In the Matter of Albert Aflalo, Deceased.

Arik Aflalo, Petioner-Respondent.
Simona Aflalo Baitner, Also Known as Simona Afalo Beitner Beitner, Petitioner-Appellant,

Creedon & Gill, P.C., Northport (Peter J. Creedon of counsel), for appellant.
Altschul & Altschul, New York (Mark M. Altschul of counsel), for respondent.

Order, Surrogate's Court, New York County (Hilary Gingold, S.), entered on or about July 10, 2023, which, inter alia, admitted the subject will to probate, unanimously affirmed, without costs.
Objectant did not provide Surrogate's Court with an explanation as to why she did not timely object to the probate petition and did not move to vacate her default.
In any event, the Surrogate's Court providently exercised its discretion in admitting decedent's Last Will and Testament dated May 14, 2019 to probate(see Matter of Halpern, 76 AD3d 429, 431 [1st Dept 2010], affd 16 NY3d 777 [2011]). The two attesting witnesses stated that decedent asked them to witness his will and they recognized his signature on the document. Decedent's son (petitioner), his widow, and his attorney stated that the signature on the will belonged to decedent.
Objectant, decedent's daughter, did not deny that the signature on the will belonged to decedent, and expressed only suspicions based on a report by a graphological expert she hired. However, the expert's opinion was based on a comparison of decedent's signature on a copy of the will to his purported signatures on a lease. Objectant provided no evidence that the signatures on the lease belonged to decedent.
We have considered objectant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024